United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITO DION FIELDS, | No. C 12-5932 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| BANK OF AMERICA; et al., | |
| Defendants. | |

## INTRODUCTION

Kito Fields, an inmate at the Santa Rita County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The statement of the claim in the complaint is extremely brief. Fields alleges: "I was arrested for a serious felony and my charges were dismissed and I'm still incarcerated (Eugene Guerro 7550P) 11-060513 RD#. [¶] I went into Bank of America stood in line and gave a teller a note for a invalid transaction (Norma Rodriguez) teller Bank of America." Docket # 1, p. 3 (errors in source). The listed defendants are Bank of America, a bank teller named Norma Rodriguez, and an officer named Eugene Guerrero from an unidentified police department. The complaint fails to state a claim upon which relief can be granted against anyone.

The amended complaint fails to state a claim against anyone. Fields' allegation that he "gave a teller a note for [an] invalid transaction" does not show any basis for liability under § 1983 for the bank teller or the bank. His allegation that he remained incarcerated after charges were dismissed does not suggest why an officer should be liable for his overstay.

Fields must file an amended complaint in which he provides a short and plain statement of each claim for relief he wishes to assert. In his amended complaint, Fields should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant).

The court notes that the California courts website has a docket for a criminal appeal by

Fields, *People v. Fields*, Case No. A136121, in which a notice of appeal was filed on August 3, 2012, and a *Wende* brief was filed on December 20, 2012. The existence of the criminal appeal suggests that, even if some charges were dismissed, some other charge(s) resulted in convictions. If Fields wants to assert a claim that he was not released after dismissal of some charges, he needs to explain why the criminal case in which the appeal is pending did not support his continued incarceration. He should explain what charges (if any) he was convicted of, and what sentence was imposed in the case. If he wants to pursue the claim that he was detained after dismissal of charges, he also needs to identify the person(s) who caused him the overstay.

Finally, Fields needs to provide addresses for the two individual defendants so that they can be served with process if his amended complaint is adequate. At a minimum, he needs to identify the police department officer Guerrero works at and the bank branch at which Rodriguez was a teller.

**CONCLUSION**

For the foregoing reasons, the amended complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 19, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 8, 2013

_____
SUSAN ILLSTON
United States District Judge

3